KENDALL BRILL & KLIEGER LLP
Bert H. Deixler (70614)
  bdeixler@kbkfirm.com
Philip M. Kelly (212714)
  pkelly@kbkfirm.com
Randall L. Jackson (244545)
  rjackson@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Plaintiff
WASSERMAN SPORTS, LLC


SIDLEY AUSTIN LLP
Bridget S. Johnsen (210778)
  bjohnsen@sidley.com
Yolanda Ochoa (267993)
  yochoa@sidley.com
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: 213.896.6000
Facsimile: 213.896.6600

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASSERMAN SPORTS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania corporation,<br><br>Defendant. | Case No. CV-14-00377-FMO/CWX<br><br>Assigned to: Hon. Carla Woehrle (for discovery matters)<br><br>DISCOVERY MATTER:<br><br>[PROPOSED] PROTECTIVE ORDER |

Having reviewed the Stipulation To Enter Protective Order, filed by Plaintiff Wasserman Sports, LLC and Defendant National Union Fire Insurance Company of Pittsburgh, Pa., and for good cause shown, pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED that this Protective Order will govern the production and exchange of confidential information in the above-captioned case on the terms as set forth herein.

## TERMS OF THE STIPULATED PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the Order. The parties acknowledge that the Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 2. DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that a party believes, in good faith, includes personal information or confidential, commercial, proprietary business information or non-public financial data.

2.3     Counsel: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party (as well as their employees and support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 Party: any party to this action, including all of its officers, directors, and employees (including in-house attorneys).

2.9 Privileged Material: all items or information that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.

2.10 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by the Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by the Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of a publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by the Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to include: (1) dismissal of all claims and defenses in this action, with or without prejudice; and/or (2) a final judgment, after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in the Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under the Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with the Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

(b) for testimony given in a deposition that the Designating Party identify on the record, before the close of the deposition, all protected testimony (alternatively, a deposition transcript may be designated as "CONFIDENTIAL" in writing by a Party or Non-Party to all other Parties within thirty (30) days after receipt of the final transcript of such deposition).

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under the Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing

not to mount a challenge promptly after the original designation is disclosed.

6.2    Challenges to Designation of Discovery Material as "CONFIDENTIAL." If any Party objects to the designation of any Discovery Material as "CONFIDENTIAL," the Challenging Party shall state the objection by letter to counsel for the Designating Party. If the parties are then unable to resolve the objection after a good faith effort to do so, the Challenging Party may move the Court to do so. The Designating Party shall bear the burden of demonstrating "good cause" for its designation. Until the Court rules on any such motion, the Discovery Material shall continue to be deemed "CONFIDENTIAL" under the terms of the Order.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case and any and all proceedings related thereto, including on appeal. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in the Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized to receive such information under the Order.

Notwithstanding any other provision of the Order, nothing herein shall restrict, limit, or prohibit a Designating Party from using its own documents or materials, including documents or materials that the Designating Party has produced as "CONFIDENTIAL."

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    Counsel for the Parties, as well as their employees and support staff;

    (b)    The Parties, including their officers, directors, employees (including in-house counsel), members, parents, and affiliates to whom disclosure is reasonably necessary for this litigation;

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A, however the staff of such Experts are not required to execute the aforementioned Acknowledgement. The Receiving Party shall maintain a copy of the executed "Acknowledgement and Agreement to Be Bound.";

    (d)    the court and its personnel;

    (e)    court reporters and their staff, videographers, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (f)    during or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary;

    (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

    (a)    notify the Designating Party in writing within three (3) business days of receipt. Such notification shall include a copy of the subpoena or court order;

    (b)    notify in writing the party who caused the subpoena or order to issue

in the other litigation, within three (3) business days of receipt, that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of the Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking protection of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by the Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

The inadvertent production of Privileged Material is not intended to be, and shall not operate as, a waiver of any such privilege, in whole or in part. Nor is any

such inadvertent production intended to be, nor shall it constitute, a waiver of any right to object to any use of such document or of the information contained therein. Any claim that a party has made an inadvertent production of Privileged Material shall be addressed in accordance with the procedure set forth in the Federal Rules of Civil Procedure and the Local Rules.

**12. MISCELLANEOUS**

    12.1 Right to Further Relief. Nothing in the Order abridges the right of any person to seek its modification by the court in the future.

    12.2 Right to Assert Other Objections. By stipulating to the entry of the Order no Party waives any right it otherwise would have to object to the disclosure or production of any information or item on any ground not addressed in the Order. Similarly, by stipulating to the entry of the Order, no Party waives any right to object the admissibility into evidence of any "CONFIDENTIAL" information.

    12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party that wishes to submit to the Court any Protected Material must seek to file such Protected Material under seal pursuant to any applicable statutes or rules, including Civil Local Rule 79-5. The Parties shall meet and confer regarding the appropriate procedures for the use of Protected Material during trial. If the Parties are unable to reach agreement regarding appropriate procedures, they will schedule a conference with the Court to address the issue.

**13. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: July 11, 2014

By: _____
Honorable Carla Woehrle
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Wasserman Sports, LLC v. National Union Fire Insurance Company of Pittsburgh, Pa.*, No. CV14-00377-FMO/CWX. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____


By: _____

Name: _____

Title (if any): _____